IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2001 AUG 29 PM 2: 40
LORETTA G. WHYTE
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff

v.

BOYS AND GIRLS CLUBS OF
SOUTHEAST LOUISIANA, INC.

        Defendant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CIVIL ACTION NO.

**01-2654**

COMPLAINT

**SECT. C MAG. 3**

JURY TRIAL DEMANDED

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, to correct unlawful employment practices on the basis of the defendant's failure to provide a religious accommodation to, and its discharge of Johnny F. Young because of his religion, Seventh Day Adventist, and to make whole Johnny F. Young. During his employment with defendant Boys and Girls Clubs of Southeast Louisiana, the defendant discriminated against him by failing to provide a reasonable accommodation to Mr. Young's regular weekly observance of his Sabbath, which was observed from sunset on Fridays to sunset on Saturdays. Defendant also discriminated against Mr. Young by discharging him when his Sabbath observances caused him to miss work on Fridays and to miss staff meetings/training sessions, on Saturdays. The reason given by the defendant for Mr. Young's discharge was absenteeism.

Fee _USA_
Process_____
X  Dktd _DW_
___ CtRmDep_____
___ Doc.No._1_

## JURISDICTION AND VENUE

1.	Jurisdiction of this Court is invoked pursuant to 28 U.S.C. sections 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to sections 706 (f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. section 2000 e-5(f)(1) and (3), et. seq. ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. section 1981A.

2.	The unlawful employment practices alleged below were committed within the State of Louisiana and the jurisdiction of the United States District Court for the Eastern District of Louisiana.

## PARTIES

3.	Plaintiff Equal Employment Opportunity Commission ("EEOC") is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706 (f) (1), of Title VII, 42 U.S.C. Section 2000e (f) (1).

4.	At all relevant times, defendant Boys and Girls Clubs of Southeast Louisiana, Inc. ("defendant") has continuously been a Louisiana corporation doing business in the State of Louisiana and the City of Hammond, Louisiana, and has continuously had and does now have at least fifteen employees.

5.	At all relevant times, defendant has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. Section 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Johnny F. Young filed a charge with the EEOC alleging violations of Title VII by defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least October 1998, defendant engaged in unlawful employment practices at its Hammond, Louisiana facility in violation of Title VII, 42 U.S.C. Section 2000e-2 (a). The unlawful employment practices consist of discriminating against Johnny F. Young based on his religion by not providing a reasonable accommodation for him to observe his Sabbath which began on sundown Friday until sundown Saturday. In October 1998, at the onset of daylight-saving time, Mr. Young requested Fridays off because the early sundown caused him to dishonor his Sabbath. Because his request was denied, Mr. Young failed to report to work on four consecutive Fridays. Additionally, Mr. Young advised his supervisor that he was unable to attend Saturday staff meetings/training sessions, also because of his Sabbath. As a result of his failure to report to work, the Defendant terminated him, effective November 25, 1998.

8. The effect of the practices complained of above has been to deprive Johnny F. Young of equal employment opportunities and otherwise to adversely affect his status as an employee by discriminating against him on the basis of his religion.

9. The practices complained of above caused Johnny F. Young to suffer pecuniary losses, including lost wages and the costs of seeking new employment.

10. The practices complained of above caused Johnny F. Young to suffer non-pecuniary losses, including emotional pain, suffering, inconvenience and mental anguish.

11. The employment practices complained of above were committed with malice or

reckless indifference to the federally protected rights of Johnny F. Young.

## PRAYER FOR RELIEF

WHEREFORE, the EEOC respectfully requests that this Court:

A.  Grant a permanent injunction enjoining the defendant, its officers, directors, managers, successors, assigns and all persons in active concert or participation with it from engaging in any employment practice which discriminates against its employees on the basis of religion in violation of Title VII;

B.  Order defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for all persons and which eradicate the effects of its unlawful employment practices;

C.  Order defendant to make whole Johnny F. Young by awarding appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to, awarding rightful place reinstatement or, alternatively, front pay;

D.  Order defendant to make whole Johnny F. Young by providing him compensation for other pecuniary losses, including, but not limited to costs for seeking new employment, in amounts to be determined at trial;

E.  Order defendant to make whole Johnny F. Young by providing him compensation for non-pecuniary losses, including emotional pain, suffering, inconvenience and mental anguish;

F.  Order defendant to pay punitive damages in amounts to be proven at trial;

G.  Grant such further relief as the Court deems necessary and proper; and

H.  Award the EEOC its costs in this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

                Gwendolyn Reams
                Associate General Counsel
                No Bar Roll Number Assigned

                KEITH T. HILL
                Regional Attorney
                E.D. Bar Roll No. 15200000


                MICHELLE T. BUTLER
                Supervisory Trial Attorney
                E.D. Bar Roll Number 1286

                N. ELEANOR GRAHAM
                Senior Trial Attorney
                E.D. Bar Roll Number 16946


                EQUAL EMPLOYMENT OPPORTUNITY
                COMMISSION
                New Orleans District Office
                701 Loyola Avenue, Suite 600
                New Orleans, Louisiana 70113
                Telephone:   (504) 589-6922
                                  (504) 589-6817
                Facsimile:    (504) 589-2805


Please Serve:
    Mr. Carl J. Hebert
    Agent for Service of Process on
        Boys and Girls Clubs of
        Southeast Louisiana, Inc.
    629 Cherokee Street
    New Orleans, LA 70118